UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WARREN DARREL SMITH,

     Plaintiff,

v.                                                              Case No. 8:07-cv-606-T-23TGW

P. VAVOULIS, et al.,

     Defendants.

_____/

**O R D E R**

     Smith's civil rights complaint alleges that the defendants used excessive force

against him while he was restrained in handcuffs and leg shackles in his Pasco county

detention center cell.  Defendant Sheriff White moves for summary judgment (Doc. 41)

and defendant correctional officers Vavoulis and Bors separately move for summary

judgment (Doc. 43), which motion Smith opposes (Doc. 46).

     Summary judgment is proper "if pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law."  Fed. R. Civ. P. 56.  See In re Optical Technologies,

Inc., 246 F.3d 1332, 1334 (11th Cir. 2001).  The party moving for summary judgment

has the initial burden of showing the absence of a genuine issue of material fact.  Johns

v. Jarrard, 927 F.2d 551, 555 (11th Cir. 1991).  The court must view the documents in

the light most favorable to the non-moving party and the documents must show that the

non-moving party is not entitled to relief under any set of facts alleged in the complaint.

See generally, Allen v. Tyson Foods, Inc., 121 F.3d 642 (11th Cir. 1997); Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590 (11th Cir. 1995).  Even though allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519 (1972) (per curiam), Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998), the plaintiff's allegations must have factual support.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Burger King Corp. v. Weaver, 169 F.3d 1310, 1321 (11th Cir.) reh'g and suggestion for reh'g en banc denied, 182 F.3d 938 (11th Cir.), cert. dismissed, 528 U.S. 948 (1999).

Once the movant presents evidence which, if not controverted, would entitle the movant to a directed verdict at trial, the burden then shifts to the non-moving party to assert specific facts demonstrating that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Pennington v. City of Huntsville, 261 F.3d 1262 (11th Cir. 2001).  If the factual context makes one party's claim implausible, that party must come forward with more persuasive evidence than necessary to show that a genuine issue for trial exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Wood v. City of Lakeland, 203 F.3d 1288 (11th Cir. 2000).  See also Cuesta v. School Bd. of Miami-Dade County, 285 F.3d 962, 970 (11th Cir. 2002) ("A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'").  A material issue of fact is

one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

When the incident occurred Smith was a detainee in the Pasco County detention center awaiting trial.  Pretrial detainees enjoy the protections afforded by the Due Process Clause of the Fourteenth Amendment, which ensures that no state shall "deprive any person of life, liberty or property, without due process of law."  U.S. Const. Amend. XIV.  Bell v. Wolfish, 441 U.S. 520, 535-37 (1979) (explaining that the Due Process Clause of the Fourteenth Amendment protects pretrial detainees whereas convicted prisoners are protected by the Eighth Amendment).  The two constitutional provisions offer the same protections.  The Fourteenth Amendment offers an inmate no greater constitutional protection from the use of excessive force.  Graham v. Connor, 490 U.S. 386, 395 (1989).  Accord., Whitley v. Albers, 475 U.S. 312, 328 (1986) ("[T]he Due Process Clause affords [plaintiff] no greater protection than does the Cruel and Unusual Punishment Clause."), and Hasemeier v. Sheppard, 252 Fed. Appx. 282, *2 (11th Cir. 2007) ("Because Hasemeier was a pretrial detainee, we analyze his claims of excessive force under the Fourteenth Amendment, using the same standards as used for Eighth Amendment claims.").  Consequently, Smith's claim is properly construed as a Fourteenth Amendment claim.

## OFFICERS VAVOULIS AND BORS

The defendants argue that they are entitled to qualified immunity.  "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation."  Hope v. Pelzer, 536 U.S. 730, 739 (2002).

> For a constitutional right to be clearly established, its contours "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.  This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, see Mitchell [v. Forsyth, 472 U.S. 511,] 535, n. 12, 105 S.Ct. 2806, 86 L.Ed.2d 411; but it is to say that in the light of pre-existing law the unlawfulness must be apparent." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Deciding whether force was applied maliciously and sadistically to cause harm requires an evaluation of "the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Hudson v. McMillian, 503 U.S. 1, 7 (1992).

A two-step process determines whether a defendant is entitled to qualified immunity.  The first question is whether the plaintiff's facts assert a violation of a constitutionally protected right, and the second question is whether the constitutional right was "clearly established" at the time of the incident. Saucier v. Katz, 533 U.S. 194, 201 (2001).  Addressing the questions seriatim is no longer required. Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 815-16 (2009).

The defense of qualified immunity affords the moving party no deference regarding disputed facts.  "In qualified immunity cases, [viewing the facts in favor of the non-moving party] usually means adopting . . . the plaintiff's version of the facts." Scott v. Harris, 127 S.Ct. at 1775.  Smith alleges that on March 19, 2007, officers Vavoulis and Bors began beating him after they restrained him in handcuffs and leg shackles. Smith alleges that the officers hit him in the head and caused him to fall onto the concrete floor and, because he was fully restrained, he could not use his hands to

- 4 -

cushion the fall.  Although encountering no resistance from Smith, the officers continued

to hit him in the head, kick him in the side, and spray him with "OC spray."  Smith

alleges that, after the assault, the defendants refused to remove his handcuffs so he

could properly "decontaminate" his face in the shower.  The defendants, whose version

of the incident is substantially different, contend that Smith was causing a disturbance,

inciting other detainees to riot, and refusing to cooperate in the removal from his cell.

The defendants contend that the force used was required to control the situation.

Smith and the defendants disagree on the amount and the necessity of the force

used.  The defendants' "version of events (unsurprisingly) differs substantially from

[plaintiff's] version.  When things are in such a posture, courts are required to view the

facts and draw reasonable inferences in the light most favorable to the party opposing

the [summary judgment] motion."  Scott v. Harris , 550 U.S. 372, 127 S.Ct. 1769, 1774

(2007).  See also Hasemeier v. Sheppard, 252 Fed. Appx. at *2 ("[A]lthough the

defendants asserted that their actions were necessary to restore order and to discipline

Hasemeier, there is no evidence other than their own statements to support their claims

that Hasemeier was verbally abusive or that he ignored an order.").

Consequently, Smith's version of the incident—that he was in full restraints, obeying

orders, and not resisting when the defendants commenced beating him—governs

summary judgment review.

Applying these facts to Saucier's two-step analysis yields a conclusion that the

defendants are not entitled to qualified immunity.  Beating a restrained inmate who

offers no resistance violates a constitutionally protected right because the only purpose

served by the assault is to "maliciously and sadistically cause harm," a purpose that

serves no penological interest.  See, e.g., Hudson v. McMillian, 503 U.S.  6-7 ("[W]e

hold that whenever prison officials stand accused of using excessive physical force in

violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is that

set out in Whitley:  whether force was applied in a good-faith effort to maintain or restore

discipline, or maliciously and sadistically to cause harm.").  The right to be free from

gratuitous infliction of pain was clearly established at the time of the incident.  See, e.g.,

Skrtich v. Thornton, 280 F.3d 1295, 1301 (11th Cir. 2002) ("In this Circuit, a defense of

qualified immunity is not available in cases alleging excessive force in violation of the

Eighth Amendment, because the use of force 'maliciously and sadistically to cause

harm' is clearly established to be a violation of the Constitution by the Supreme Court

decisions in Hudson and Whitley.  See Johnson v. Breeden, 280 F.3d 1308 (11th

Cir.2002).  There is simply no room for a qualified immunity defense when the plaintiff

alleges such a violation.  Id.  The only question, then, is whether the plaintiff has alleged

facts sufficient to survive a motion to dismiss or a motion for summary judgment.").

Based on Smith's facts, the defendants' motion for summary judgment lacks merit.

### SHERIFF WHITE

Sheriff White moves for summary judgment arguing that Smith's complaint

asserts a claim against Sheriff White in his official capacity only.  Smith's only allegation

against Sheriff White is "All staff involved is under Bob Whites' [sic] administration."  To

the extent that his claim against Sheriff White is because White is the supervisor of

officers Vavoulis and Bors, Smith cannot base a Section 1983 claim on respondeat

superior.  Monell v. N.Y.C. Dept. of Social Services, 436 U.S. 691, 694 (1978);  Buckner

v. Toro, 116 F.3d 450 (11th Cir. 1997).  To the extent that the claim against Sheriff

White is because White is the administrator of the Sheriff's Office and responsible for departmental policies, the complaint fails to allege that officers Vavoulis and Bors acted pursuant to a custom or policy.  See Jones v. Cannon, 174 F.3d 1271, 1293 (11th Cir. 1999).

Because Sheriff White's motion for summary judgment is meritorious and he is entitled to dismissal from this case, this court declines to exercise supplemental jurisdiction over Sheriff White's counterclaim for liquidated damages for the cost of incarceration authorized by § 960.297, Florida Statues (2007).  See Scarfo v. Ginsberg, 175 F.3d 962 (11th Cir. 1999), cert. denied 529 U.S. 1003 (2000).

Accordingly, Sheriff White's motion for summary judgment (Doc. 41) is **GRANTED**.  Sheriff White's counterclaim is **DISMISSED** without prejudice. The motion for summary judgment (Doc. 43) filed by defendants Vavoulis and Bors is **DENIED**.

ORDERED in Tampa, Florida, on March 17, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE